## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRA HYMAN and MIKE HYMAN, on Behalf of Themselves and All Others Similarly Situated, | Case No.: _____ |
| Plaintiffs, | |
| vs. | **CLASS ACTION COMPLAINT** |
| THE ONE GROUP HOSPITALITY, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

Plaintiffs Ira Hyman and Mike Hyman (collectively, "Plaintiffs"), upon personal knowledge, information and belief, allege as follows:

1.     Defendant, the ONE Group Hospitality, Inc. ("Defendant" or the "ONE Group"), engaged in a deceptive scheme whereby it marketed gift cards to its line of STK Restaurants ("STK") by advertising that, for every two dollars spent on an STK gift card, the purchaser would receive one "Bonus Dining Dollar" ("Dining Dollars") redeemable at STK for purchases and tax. Defendant represented that it was their policy to allow redemption of these Dining Dollars for all purchases and tax at STK.  However, Defendant refused to honor Dining Dollars to cover tax charges on patron purchases.

2.     Defendant benefited substantially from this unjust practice of preventing purchasers who sought to use Dining Dollars as payment at STK for the cost of food and/or drink plus tax, and instead forcing patrons to pay out of pocket for tax applied to their food and/or drinks. This practice was implemented at all STK locations and was done at the expense of Plaintiffs and the members of the Class.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action involving common questions of law or fact in which the aggregate amount in controversy exceeds $5,000,000, there are more than 100 members of the Class, and at least one member of the putative Class is a citizen of a state different from that of the Defendant.  This Court also has supplemental jurisdiction over Plaintiffs' and the Class' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that the unlawful conduct giving rise to this Complaint occurred within the Southern District of New York, and Defendant ONE Group is headquartered at 411 West 14th Street, 2nd Floor, New York, New York 10014.

**PARTIES**

5.      Plaintiff Ira Hyman resides in Bellmore, New York.  Plaintiff Ira Hyman's credit card was used to purchase a meal at STK Midtown, an STK restaurant located at 1114 Avenue of the Americas, New York, New York 10036 on or about February 18, 2018.  The total bill came to $1,038.67, of which $84.67 was the tax.  Defendant did not permit Plaintiff Ira Hyman to use the Dining Dollars to cover the tax expense for the meal on or about February 18, 2018.  Plaintiff Ira Hyman's credit card was charged in the amount of $288.67 – $84.67 for tax and the remainder for gratuity.   Plaintiff Ira Hyman suffered harm as a result of the actions taken by Defendant named herein.

6.      Plaintiff Mike Hyman resides in Bellmore, New York.  Plaintiff Mike Hyman's credit card was used to purchase a meal at STK Midtown on or about March 24, 2018.  Defendant did not permit Plaintiff Mike Hyman to apply the Dining Dollars to cover the tax expense for the meal on or about March 24, 2018.  Plaintiff Mike Hyman's credit card was charged in the amount

of $90.36, the total of tax and gratuity on his meal.  Plaintiff Mike Hyman suffered harm as a result of the actions taken by Defendant named herein.

7.      Defendant ONE Group is a corporation organized under the laws of the State of Delaware with its principal executive headquarters located at 411 West 14th Street, 2nd Floor, New York, New York 10014.  Defendant is a global hospitality group that develops and operates restaurants and lounges, as well as providing hospitality management services for hotels, casinos, and other venues.  Defendant operates STK Restaurants in California, Colorado, Florida, Georgia, Illinois, Nevada, and New York, as well as in several foreign countries.

## SUBSTANTIVE ALLEGATIONS

8.      ONE Group is a global hospitality group that develops and operates restaurants and lounges, as well as providing hospitality management services for hotels, casinos, and other venues.   ONE Group owns and operates a chain of STK Restaurants, which are upscale steakhouses located in California, Colorado, Florida, Georgia, Illinois, Nevada, and New York, as well as in several foreign countries.

9.      Upon information and belief, Defendant has run and continues to run various promotions for STK gift cards throughout the year, over the course of several years ("Dining Dollars Promotional Periods").  As part of these promotions, when someone purchases an STK gift card worth a certain minimum value, they additionally receive a certain number of Dining Dollars in addition to the gift card amount.  The minimum value threshold and the ratio of STK gift card value to Dining Dollars earned varies depending upon the promotion.

10.     For example, Defendant is currently running a similar promotion for Mother's Day 2018.  For the Dining Dollars Promotional Period of April 27, 2018 through May 13, 2018, the purchase of any $100.00 STK gift card grants the purchaser $25.00 in Dining Dollars.  These

Dining Dollars are expressly not valid for "service fees or gratuities."  The terms and conditions regarding these Dining Dollars are silent as to their use for paying for tax on purchases.[1]

11.     Defendant ran one such promotion sometime between November 2017 and December 2017 (the "Holiday 2017 Promotion").  As part of the Holiday 2017 Promotion, for every STK gift card with a value of at least $50.00 that a customer purchased, that customer would receive additional Dining Dollars equal to half the amount spent on the gift card.  For example, if an individual purchased a gift card worth $200.00 USD, then they would receive $100.00 USD worth of Dining Dollars for their own use.   The Dining Dollars were provided in the form of physical cards, which explicitly stated that they were "valid for use on purchases and tax, may not be used for gratuity."  *See* **Exhibit A**.

12.     The Dining Dollars card also represented that, "Dining Dollars do not carry a balance." *See id.*

13.     During the Holiday 2017 Promotion, Plaintiff Ira Hyman purchased 20 STK gift cards, worth $150.00 each, for a total cost of $3,000.00, not inclusive of an $8.75 shipping charge. Pursuant to the promotion, Plaintiff Ira Hyman also received $1,500.00 in Dining Dollars.

14.     On February 18, 2018, Plaintiff Ira Hyman attempted to use his Dining Dollars at STK Midtown.  Plaintiff Mike Hyman was also present, as a guest of Plaintiff Ira Hyman. However, while STK Midtown honored the Dining Dollars for his purchases, the restaurant prohibited Plaintiff Ira Hyman from using the Dining Dollars to pay for the tax accrued as part of the final bill.  Plaintiff Ira Hyman accordingly had to pay for the tax on his purchases out-of-pocket, using his credit card to do so, in direct violation of the express terms of the Dining Dollars program.

---

[1] *See* http://togrp.com/offer/gift-card-us/ (last visited May 7, 2018).

15.     On February 20, 2018, Plaintiff Ira Hyman called the General Manager of STK Midtown, Cihan Yilmaz, to complain about being unable to use his Dining Dollars to pay for the tax on his purchases on February 18, 2018.  Mr. Yilmaz did not offer to reimburse the money that Plaintiff Ira Hyman had to pay out-of-pocket for the tax on Plaintiffs' meal.

16.     Approximately one month later, on March 24, 2018, Plaintiff Mike Hyman attempted to use the Dining Dollars again at STK Midtown.  Once again, he was prevented from using Dining Dollars to pay for the tax on his purchase at STK.  Plaintiff Mike Hyman instead had to pay the tax expense out-of-pocket, using his credit card to do so.  A manager at STK Midtown, Danielle Hill, informed Plaintiff Mike Hyman that Dining Dollars could not be used to pay for tax on purchases at STK restaurants, and encouraged Plaintiff Mike Hyman to call STK's corporate office, asserting that they would validate her claim.

17.     After informing Plaintiff Ira Hyman about what Ms. Hill had said, Plaintiff Ira Hyman emailed Mr. Yilmaz while Plaintiff Mike Hyman was still at the restaurant to inquire why, for a second time, STK was prohibiting the use of Dining Dollars to pay for tax on purchases made at STK.

18.     On March 26, 2018, Mr. Yilmaz replied to Plaintiff Ira Hyman's email, stating "I can't believe this happened again."  He further asserted that he would "gather more information … and get back to you today."  Mr. Yilmaz never subsequently contacted Plaintiff Ira Hyman.

19.     Defendant's misrepresentation and failure to honor the terms of STK's Dining Dollar redemption caused Plaintiffs to suffer damages, as they both had to pay for tax incurred on their purchases out-of-pocket, and not using Dining Dollars issued by STK.  This was done despite STK's express representation that Dining Dollars could be used to cover purchases and tax.

20.     Thus, Defendant engaged in, and continues to engage in, a manipulative and deceptive business practice designed to take advantage of the unsuspecting public, which violates statutory and common law.

21.     Defendant's misconduct violates state consumer protection laws, including the New York Deceptive Trade Practices Act, N.Y. Gen. Bus. L. §§ 349 and 350, which prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State of New York.  *See infra* at ¶¶ 25(a)-(f), 32, 38, 44, 50, 56, 62.  In addition, Defendant is liable for breaches of the implied covenant of good faith and fair dealing, negligent misrepresentation and unjust enrichment.

22.     Plaintiffs bring this action on behalf of themselves and all other similarly situated customers of Defendant who were induced by Defendant into purchasing STK gift cards by the misrepresentations made by Defendant.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

23.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rule of Civil Procedure, individually and on behalf of a class consisting of:

> All persons who were prevented from and/or not permitted to use Dining Dollars to pay for purchases including tax at STK locations throughout the United States, in violation of the terms and conditions of the STK Dining Dollars Program during the period between May 9, 2015 and the date of final judgment in this matter (the "Class Period").

24.     Excluded from the Class is Defendant, its officers and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, any entity in which the Defendant has or had a controlling interest; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

25.     The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, upon information and belief, the size of the Class is at least 100 individuals. Class members may be identified from records maintained by Defendant.

26.     Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to the Class are:

a.      whether Defendant violated California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.* and §§ 17500 *et seq.*;

b.      whether Defendant violated the Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-101 *et seq.*;

c.      whether Defendant violated the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.*;

d.      whether Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*;

e.      whether Defendant violated Nevada Deceptive Trade Practices Laws, Nev. Rev. Stat. §§ 598.0903 *et seq.*;

f.      whether Defendant violated the New York Deceptive Trade Practices Act, N.Y. Gen. Bus. L. §§ 349 and 350;

g.      whether Defendant breached the implied covenant of good faith and fair dealing in its business dealings with Plaintiffs and the Class;

        h.      whether Defendant negligently misrepresented to Plaintiffs and the Class that Dining Dollars could be used to pay for tax on purchases at STK locations, when in fact they could not;

        i.      whether Defendant was unjustly enriched by engaging in the wrongful conduct alleged herein; and,

        j.      whether Plaintiffs and Class members suffered damages, and to what extent.

27.    Plaintiffs' claims are typical of the claims of the Class, as all Class members were and are similarly affected by Defendant's wrongful conduct in violating state and common laws that are complained of herein.  Plaintiffs and each member of the Class, who were prevented from using Dining Dollars to pay for the tax incurred on purchases at STK despite having the necessary amount of Dining Dollars needed to do so, were harmed as a direct result of Defendant's deceptive and unfair practices, misrepresentations, omissions, and concealed facts.  Defendant's deceptive and unfair practices, misrepresentations, omissions, and concealed facts were uniformly directed to the Class by Defendant.  Plaintiffs and the other Class members have sustained similar types of damages resulting from Defendant's deceitful and improper practices.

28.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the Class to represent its interests fairly and adequately.  Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests.  Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the Class.  Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at

deposition and/or trial.  Plaintiffs have retained counsel competent and experienced in complex class action litigation.  There is no conflict between Plaintiffs and the Class members.

29.     In recognition of the services the Plaintiffs have rendered and will continue to render to the Class, the Plaintiffs will request payment of service awards upon resolution of this action.

30.     A class action is superior to all other available methods for the fair and efficient adjudication of this litigation.  The Class members have been damaged and are entitled to recover as a result of Defendant's violations of state and common law.  Although the relative damages suffered by individual Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Plaintiffs lack the financial resources to conduct a thorough examination of Defendant's records and to prosecute vigorously a lawsuit against Defendant to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

31.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## CAUSES OF ACTION

### COUNT I – Violation of California Unfair Competition Laws

32.     Plaintiffs repeat and reallege the allegations as set forth above as if set forth fully herein.

33.     The California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.* and §§ 17500 *et seq.*, prohibit any unlawful, unfair or fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising in the State of California.  Defendant's

misconduct, as described above, constitutes unfair business acts and practices, as well as unfair, deceptive, untrue or misleading advertising, in violation of the California Unfair Competition Laws.

34.     Defendant's misrepresentations and omissions were likely to mislead reasonable consumers acting reasonably under the circumstances.

35.     The damages sustained by Plaintiffs and the other Class members were a direct and foreseeable result of, and were proximately caused by Defendant's deceptive business practices.

36.     Defendant acted at least negligently, but also recklessly or intentionally, and with improper intent, actual or constructive knowledge, and willfulness, resulting in damage.

37.     As a result of Defendant's actions, Plaintiffs and other Class members have been injured and damaged in an amount to be determined at trial.

## COUNT II – Violation of the Colorado Consumer Protection Act

38.     Plaintiffs repeat and reallege the allegations as set forth above as if set forth fully herein.

39.     The Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-101 *et seq.*, prohibits any deceptive trade practices in the State of Colorado, including but not limited to knowingly making false representations as to the uses of goods and services, and employing "bait and switch" advertising.  Defendant's misconduct, as described above, constitutes deceptive trade practices in violation of the Colorado Consumer Protection Act.

40.     Defendant's misrepresentations and omissions were likely to mislead reasonable consumers acting reasonably under the circumstances.

41.     The damages sustained by Plaintiffs and the other Class members were a direct and foreseeable result of, and were proximately caused by Defendant's deceptive business practices.

42.     Defendant acted at least negligently, but also recklessly or intentionally, and with improper intent, actual or constructive knowledge, and willfulness, resulting in damage.

43.     As a result of Defendant's actions, Plaintiffs and other Class members have been injured and damaged in an amount to be determined at trial.

### COUNT III – Violation of the Florida Deceptive and Unfair Trade Practices Act

44.     Plaintiffs repeat and reallege the allegations as set forth above as if set forth fully herein.

45.     The Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.*, prohibits unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce in the State of Florida.  Defendant's misconduct, as described above, constitutes unfair acts and practices in the conduct of trade or commerce in violation of the Florida Deceptive and Unfair Trade Practices Act.

46.     Defendant's misrepresentations and omissions were likely to mislead reasonable consumers acting reasonably under the circumstances.

47.     The damages sustained by Plaintiffs and the other Class members were a direct and foreseeable result of, and were proximately caused by Defendant's deceptive business practices.

48.     Defendant acted at least negligently, but also recklessly or intentionally, and with improper intent, actual or constructive knowledge, and willfulness, resulting in damage.

49.     As a result of Defendant's actions, Plaintiffs and other Class members have been injured and damaged in an amount to be determined at trial.

### COUNT IV – Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act

50.     Plaintiffs repeat and reallege the allegations as set forth above as if set forth fully herein.

51.     The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, prohibits any unfair or deceptive acts or practices, including but not limited to the use or employment of any misrepresentation or the concealment, suppression or omission of any material fact, with intent that other rely upon such, in the conduct of any trade or practice in the State of Illinois.  Defendant's misconduct, as described above, constitutes unfair or deceptive acts or practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

52.     Defendant's misrepresentations and omissions were likely to mislead reasonable consumers acting reasonably under the circumstances.

53.     The damages sustained by Plaintiffs and the other Class members were a direct and foreseeable result of, and were proximately caused by Defendant's deceptive business practices.

54.     Defendant acted at least negligently, but also recklessly or intentionally, and with improper intent, actual or constructive knowledge, and willfulness, resulting in damage.

55.     As a result of Defendant's actions, Plaintiffs and other Class members have been injured and damaged in an amount to be determined at trial.

### COUNT V – Violation of Nevada Deceptive Trade Practices Laws

56.     Plaintiffs repeat and reallege the allegations as set forth above as if set forth fully herein.

57.     The Nevada Deceptive Trade Practices Laws, Nev. Rev. Stat. §§ 598.0903 *et seq.*, prohibit any deceptive trade practices, including but not limited to knowingly making false representations as to the uses of goods and services, in the State of Nevada.  Defendant's misconduct, as described above, constitutes deceptive business practices in violation of the Nevada Deceptive Trade Practice Laws.

58.     Defendant's misrepresentations and omissions were likely to mislead reasonable consumers acting reasonably under the circumstances.

59.     The damages sustained by Plaintiffs and the other Class members were a direct and foreseeable result of, and were proximately caused by Defendant's deceptive business practices.

60.     Defendant acted at least negligently, but also recklessly or intentionally, and with improper intent, actual or constructive knowledge, and willfulness, resulting in damage.

61.     As a result of Defendant's actions, Plaintiffs and other Class members have been injured and damaged in an amount to be determined at trial.

**COUNT VI – Violation of the New York Deceptive Trade Practices Act**

62.     Plaintiffs repeat and reallege the allegations as set forth above as if set forth fully herein.

63.     The New York Deceptive Trade Practices Act, N.Y. Gen. Bus. L. §§ 349 and 350, prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State of New York.  It further prohibits false advertising in the conduct of any business, trade or commerce or in the furnishing of any service in the State of New York.  Defendant's misconduct, as described above, constitutes a deceptive and unfair business practice in violation of the New York Deceptive Trade Practices Act.

64.     Defendant's conduct also contravened its duty of good faith and fair dealing, which the New York Deceptive Trade Practices Act implies in transactions between consumers and businesses.

65.     Defendant's misrepresentations and omissions were likely to mislead reasonable consumers acting reasonably under the circumstances.

66.     The damages sustained by Plaintiffs and the other Class members were a direct and foreseeable result of, and were proximately caused by Defendant's deceptive business practices.

67.     Defendant acted at least negligently, but also recklessly or intentionally, and with improper intent, actual or constructive knowledge, and willfulness, resulting in damage.

68.     As a result of Defendant's actions, Plaintiffs and other Class members have been injured and damaged in an amount to be determined at trial.

### COUNT VII – Breach of Implied Covenant of Good Faith and Fair Dealing

69.     Plaintiffs repeat and reallege the allegations set forth above as though fully set forth herein.

70.     Implied in every transaction between Defendant and Plaintiffs and the Class members is a covenant of good faith and fair dealing.

71.     Defendant had a duty of good faith and fair dealing in honoring the advertised terms and conditions of its Dining Dollars at its own restaurant locations.  Defendant had a duty to desist from doing anything that would have the effect of harming or injuring the rights of Plaintiffs and the other Class members to receive goods from Defendant as they were advertised. Defendant's bad faith conduct in developing a scheme or practice to advertise Dining Dollars as usable to pay for tax on purchases at Defendant's restaurant locations, when in fact they were not so redeemable – or Defendant otherwise refused to so redeem them – violates statutory and common law.

72.     As a direct, foreseeable, and proximate result of Defendant's aforesaid misconduct, Plaintiffs and the other Class members sustained substantial damages, in an amount to be determined at trial.

### COUNT VIII – Negligent Misrepresentation

73.     Plaintiffs repeat and reallege the allegations set forth above as though fully set forth herein.

74.     At common law, the elements of negligent misrepresentation are: (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false misrepresentation that it should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his detriment.   This differs from a fraudulent misrepresentation because the party making the misrepresentation need not be aware that the representation is false and need not intend the other party to act on it.

75.     Plaintiffs engaged in business transactions with Defendant for the purchase of goods from STK locations.   These purchases were made and induced based on Defendant's misrepresentations as set forth herein.   Plaintiffs relied on said misrepresentations when making their purchases.   As a result, Plaintiffs suffered monetary damages.

76.     As set forth above, such misrepresentations were made to Plaintiffs and members of the Class and as such, Defendant is liable for the damages caused by its negligent, or innocent, misrepresentations.

## COUNT IX – Unjust Enrichment

77.     Plaintiffs repeat and reallege the allegations set forth above as though fully set forth herein.

78.     Pursuant to the doctrine of unjust enrichment, a defendant has something of value at the plaintiff's expense and under circumstances that impose a legal duty of restitution.   Under

the equitable doctrine, a person who has been unjustly enriched at the expense of another is required to make restitution to the other.

79.     Here, Defendant was unjustly enriched through Plaintiffs' and the Class members' purchases at STK locations, which purchases they made pursuant to Defendant's misrepresentations.  Plaintiffs and the Class conveyed a benefit upon Defendant which has been retained by Defendant.  Plaintiffs and the Class have been damaged as a result.

**WHEREFORE**, Plaintiffs pray for relief and judgment, as follows:

(a)     Determining that this action is a proper class action, and designating Plaintiffs as class representatives of the Class;

(b)     Awarding compensatory and punitive damages in favor of Plaintiffs and the other Class members against Defendant for all damages sustained as a result of Defendant's wrongdoing, in an amount to be determined at trial, including pre- and post-judgment interest thereon;

(c)     Requiring Defendant to account for and/or pay in damages to Plaintiffs and the other Class members the amounts by which Defendant benefited due to Defendant's wrongful conduct;

(d)     Awarding Plaintiffs and the other Class members their reasonable costs and expenses incurred in this action, including counsel fees and costs, and expert fees and costs; and

(e)     Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.

Dated: May 9, 2018

By:     */s/ Daniel B. Rehns*
        Daniel B. Rehns
        Frank R. Schirripa
        Seth M. Pavsner

16

Kathryn A. Hettler
**HACH ROSE SCHIRRIPA &**
       **CHEVERIE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel: (212) 213-8311
Fax: (212) 779-0028

*Counsel for Plaintiffs and the Proposed*
*Putative Class*

# Exhibit A

